Diane FRENCH (Galey), Appellant–Petitioner,

v.

Scott FRENCH, Appellee–Respondent.

No. 54A05–0406–CV–326.

Court of Appeals of Indiana.

Feb. 4, 2005.

Rehearing Denied April 12, 2005.

James E. Ayers, Wernle, Ristine & Ayers, Linden, IN, Attorney for Appellant.

William A. Goebel, Crawfordsville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Diane French (Diane), appeals the trial court's Order denying her Motion to Correct Error.

We affirm.

### ISSUES

Diane raises four issues on appeal, only two of which we find dispositive and which we restate as follows:

(1) Whether the allocation of a joint marital debt in a decree of dissolution is *res judicata* against the creditor to whom the debt is owed; and

(2) Whether the trial court erred by assessing attorney's fees against Diane pursuant to Ind.Code § 34–52–1–1.

### FACTS AND PROCEDURAL HISTORY

On February 18, 2000, Diane filed her Petition for Dissolution of Marriage against her husband, Appellee–Respondent, Scott French (Scott). On July 17, 2000, the trial court granted her petition but reserved certain issues regarding the parties' property for a subsequent hearing held on October 10, 2000. Thereafter, on January 10, 2001, the trial court issued its Order Determining Reserved Issues of Treatment of Annuity, Support, Debts of Parties, and Visitation. In this Order, the trial court established the parties' respon-

sibility with regard to a joint debt owed to Attorney Ayers, Diane's counsel, for civil litigation pursued during the marriage with respect to their former marital residence as follows:

> IT IS FURTHER ORDERED ADJUDGED AND DECREED that [Scott] pay and be responsible ... to the attorney for the civil case the parties had before and that he save and hold harmless [Diane] from any claim or demand that may be made of any of those debts or obligations.

(Appellant's App. p. 48). We subsequently affirmed the trial court's decision in Slip Op. no. 54A01–0104–CV00151, 762 N.E.2d 251 (Ind.Ct.App. Dec. 27, 2001).

On August 13, 2002, Diane filed her Affidavit for Contempt, attempting to enforce the January 10, 2001 Order by alleging that Scott had failed to pay a monetary judgment in favor of Attorney Ayers for his work in the civil case in the amount of $11,593.85. On March 26, 2003, while this contempt petition was pending, Diane filed a Motion to Determine All Attorney's Fees Due and Order Payment, requesting the trial court to reduce to an order the amount Scott owed to Attorney Ayers for the civil case, to be satisfied from an upcoming lump-sum settlement payment to Scott in an unrelated matter. The trial court granted Diane's motion in its Order of July 10, 2003, holding Scott liable to Attorney Ayers in the amount of $11,593.85, plus an additional $2,449.73 for attorney's fees with respect to the divorce action.

Thereafter, on August 8, 2003, Scott filed his Motion to Correct Error, claiming that the amount owed to Attorney Ayers for the civil case was not substantiated by any evidence or facts, and therefore should be vacated. On September 9, 2003, the trial court granted Scott's motion and vacated its judgment of $11,593.85. In its

Order, the trial court found that at no time prior to its vacated July 10, 2003 Order had it ever determined an amount owed by Scott to Attorney Ayers for the civil case.

Nevertheless, on October 10, 2003, Diane filed another Petition for Contempt, again asserting Scott's failure to pay Attorney Ayers' attorney's fees with respect to the civil case in the amount of $11,593.85. Consequently, on October 15, 2003, Scott filed his Motion to Dismiss Petition for Contempt and Petition for Attorney Fees, which was granted by the trial court by Order of February 25, 2004. In its Order, the trial court stated, in pertinent part, that

> [Attorney Ayers] represented both parties in a civil action prior to the filing of the dissolution action. At the time of the final hearing on the dissolution, the attorney fees for that civil representation allegedly had not been paid and represented an obligation of the parties at the time of the dissolution. At no time during the dissolution action prior to the entry of the final decree was any representation made, nor was any showing made that the attorney fees had been reduced to a judgment or to any different legal status other than simply a claim by [Attorney Ayers] for fees claimed to be owed at that time. As a part of the decree dissolving the marriage of the parties the court allocated the responsibility for the payment of those fees between the parties finding that [Scott] should pay those fees and hold harmless [Diane] from any claim or demand that may be made on account of that obligation.
>
> The evidence is that that obligation has not been paid. [Diane] has filed her Petition for Contempt alleging that the obligation has not been paid, that [Scott] should be held in contempt for failure to pay that obligation, that the amount due

should be determined and that a lien for that amount should be placed against the annuity distribution expected to be received by [Scott] in September of 2005.

[Scott] has filed a Motion to Dismiss that petition and the Petition for Attorney Fees. [Scott] maintains that to find [him] in contempt and impress a lien against any annuity distribution expected would be a violation of due process. The amount that's due [Attorney Ayers] has never been subject to litigation, has never been judicially determined or otherwise fixed as a legal obligation of the parties. It simply remains a claim of [Attorney Ayers]. The court's order in the decree simply allocates the responsibility for that obligation as between the parties. The court's entry in the decree does not confer any rights on [Attorney Ayers] vis-à-vis [Scott] to the exclusion of [Diane].

The save and hold harmless provision relied on by [Diane] is not applicable at this point in time or at this point in the litigation because [Diane] herself has never been place[d] in any legal jeopardy to have to pay that obligation. The save and hold harmless provision is in the nature of an indemnity which she is entitled to rely on in the event she suffers any loss as a result of that obligation. In the absence of any legal obligation which has been created and in the absence of any proceedings initiated to establish a legal obligation [Diane] has no authority under the dissolution decree to pursue [Scott] and to coerce payment of the obligation.

Even if the time and the claim were ripe for its collection and payment and [Diane] was in legal jeopardy to have to pay that claim, the contempt proceeding

brought by [Diane] is not the proper legal vehicle for her to utilize to obtain the relief that she seeks.

(Appellant's App. pp. 82–3). On March 26, 2004, Diane filed her Motion to Correct Error, which was deemed denied by the trial court after forty-five days pursuant to Ind. Trial Rule 53.3.

Diane now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Res Judicata*

Diane now contends that the trial court abused its discretion by denying her motion to correct error. Specifically, she alleges that the trial court's January 10, 2001 Order establishes Scott's liability with regard to the attorney fees for the civil case in the amount of $9,114.63.[1] Since the debt is acknowledged in a prior proceeding, Diane continues, it is now *res judicata* and can no longer be disputed by Scott. Diane further maintains that because of the hold harmless provision in the trial court's January 10, 2001 Order, she should not be required to suffer a collection action on these attorney fees in order to have standing to enforce the January 10, 2001 Order against Scott for payment of the joint marital debt.

### A. *Standard of Review*

██ A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind.Ct.App. 2003), *trans. denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

---

1. We recognize that although the trial court's orders refer to the amount of attorney fees in the civil case as $11,593.85, Diane, in her briefs, only claims $9,114.63 in attorney fees.

### B. *Analysis*

The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. *In Re Adoption of Baby W,* 796 N.E.2d 364, 373 (Ind.Ct.App.2003), *reh'g denied, trans. denied.* The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion. *Id.* Claim preclusion applies where a final judgment on the merits has been rendered which acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id.* Issue preclusion, also referred to as collateral estoppel, bars the subsequent relitigation of the same fact or same issue between the same parties or their privies where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action. *Id.* Where issue preclusion applies, the previous judgment is conclusive only as to those issues actually litigated and determined therein. *Id.*

Diane now contends that Scott's liability for Attorney Ayers' fees for the civil case in the amount of $9,114.63 was litigated and established in the January 10, 2001 Order and thus Scott is prevented from relitigating the issue under the doctrine of *res judicata.* We are not persuaded.

The record clearly reflects that in the course of the marriage dissolution proceedings between Scott and Diane, the trial court divided the parties' joint property and debts of the marriage. Even though Diane alleges that the bill regarding Attorney Ayers' fees was submitted and admitted without objection during the division of property hearing of October 10, 2000, the record does not contain the relevant portions of the hearing's transcript. Nevertheless, the record reflects that Attorney Ayers' fees were incurred during a real estate dispute as a joint debt of the parties. As a result, the trial court in its Order of January 10, 2001, properly allocated this joint marital debt as a debt of Scott, with an additional order to save and hold Diane harmless on this debt. However, the trial court in its Order, or any subsequent Order, failed to specify the exact amount of the civil fees owed to Attorney Ayers. The trial court's January 10, 2001 Order was appealed and affirmed by this court.

Based on the doctrine of *res judicata,* we conclude that the issue of the liability for the debt of Attorney Ayers' fees can no longer be relitigated between Diane and Scott. *See In re Adoption of Baby W,* 796 N.E.2d at 373. However, since the trial court did not establish a fixed amount for this debt and Scott did not have a full and fair opportunity to litigate the fees, the trial court's Order is not conclusive as to the amount of the debt. *See id.*

Nonetheless, Attorney Ayers, as current counsel for Diane in the marriage dissolution proceedings, now attempts to avail himself of Diane's position as one of the parties in the dissolution proceedings to circumvent having to bring a separate suit in order to enforce payment from Scott for his attorney's fees incurred when representing both parties during the marriage. In a novel argument, Attorney Ayers claims that judicial resources would be wasted by requiring Diane to be subjected to a collection lawsuit, when she can merely invoke the trial court's January 10, 2001 Order to ensure Scott's payment of Attorney Ayers' fees in the civil procedure. We disagree.

Based on the evidence before us, it is clear that, with regard to the civil fees, Attorney Ayers is a creditor of a joint debt established during the marriage and divided between the parties in subsequent divorce proceedings. Although he repre-

sented Diane during the dissolution proceedings, he was not a party in the divorce proceedings and thus cannot rely on the doctrine of *res judicata.* Furthermore, the Order of January 10, 2001 merely establishes Diane's right to indemnification for payment of attorney's fees in the civil case. In the absence of a fixed amount in attorney's fees due, we fail to see how Diane would enforce Scott's payment of this debt to Attorney Ayers. Moreover, even in the case of a fixed amount, Diane solely retains an indemnification right for the debt to be used against the joint debtor. Accordingly, only Attorney Ayers, as creditor of a joint debt of the marriage, can enforce payment of his invoice. Consequently, we find that the trial court did not abuse its discretion in denying Diane's motion to correct error.

## II. *Attorney's Fees*

Next, Diane claims that the trial court erred by assessing attorney's fees in favor of Scott pursuant to I.C. § 34–52–1–1. In particular, Diane alleges that it was not unreasonable or groundless for her to expect Scott to pay Attorney Ayers' fees for the civil case, as established in the trial court's Order of January 10, 2001.

### A. *Standard of Review*

■ With regard to attorney's fees, we initially review the trial court's findings of fact under the clearly erroneous standard. *Kahn v. Cundiff,* 533 N.E.2d 164, 167 (Ind. Ct.App.1989), *aff'd,* 543 N.E.2d 627, 629 (Ind.1989). We subsequently review *de novo* the trial court's legal conclusion as to whether attorney's fees are statutorily warranted. *Id.*

### B. *Analysis*

■ Under Indiana Code section 34–52–1–1, a court may award attorney's fees to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

In *Kahn,* our supreme court affirmed our opinion defining the relevant statutory terms. *Kahn,* 543 N.E.2d at 629. We defined a claim or defense as frivolous (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Kahn,* 533 N.E.2d at 170. A claim or defense is unreasonable under the statute, if, based on a totality of the circumstances, including the law and the facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of justification. *Id.* at 170–71. Finally, we determined a claim or defense to be groundless if no facts exist which support the legal claim relied on and presented by the losing party. *Id.* Furthermore, we held that a claim or defense is neither groundless nor frivolous merely because a party loses on the merits. *Id.* at 171.

Analyzing the purpose of Indiana Code section 34–52–1–1, our supreme court first noted that the statute strikes a balance between respect for an attorney's duty of zealous advocacy and "the important policy of discouraging unnecessary and unwarranted litigation." *Mitchell v. Mitchell,* 695 N.E.2d 920, 924 (Ind.1998) (quoting *Kahn,* 533 N.E.2d at 170). The court observed further that the legal process must invite, not inhibit the presentation of new

and creative arguments to enable the law to grow and evolve. Therefore, the *Mitchell* court concluded that application of the statutory authorization for recovery of attorney's fees under Indiana Code section 34–52–1–1 must leave breathing room for zealous advocacy and access to the courts to vindicate rights. *Id.*

■ In the instant case, the trial court in its Order of February 25, 2004 stated, in pertinent part, that "[Scott's] Petition for Attorney Fees should be granted and that [Scott] should have and recover from [Diane] the sum of $500.00 for having to defend [Diane's] baseless Petition for Contempt." (Appellant's App. p. 84). Our review of the convoluted procedural history in this case shows that the responsibility of payment for Attorney Ayers' fees in the civil case was assigned to Scott in the trial court's Order of January 10, 2001. As we determined before, the trial court never, in any subsequent order, established the amount of attorney fees due for the civil case. More than a year after the trial court's original Order, Diane commenced her contempt proceedings, attempting to enforce payment from Scott for $9,114.63. In its detailed Order of September 9, 2003, the trial court stated, in pertinent part, that

> The [c]ourt in [its January 10, 2001] Order simply allocated an obligation that the parties had at the time of their separation and divorce. The [c]ourt did not at that time fix the amount of the obligation that was owed or the person or firm to whom the obligation was owed.
>
> . . .
>
> [Furthermore] [t]he [c]ourt cannot and did not in its July 10, 2003 order find [Scott] in contempt for failure to pay those particular attorney's fees.

(Tr. pp. 67–8).

Nevertheless, despite a clear recitation of procedural history and analysis by the trial court in its Order, Diane filed another Petition for Contempt on October 10, 2003, asserting Scott's failure to pay Attorney Ayers' attorney's fees with respect to the civil case. Again, the trial court, by Order of February 25, 2004, rejected Diane's arguments with a well-reasoned and clear analysis. After filing a motion to correct errors, Diane appealed.

Furthermore, our review of Diane's brief leaves us with a clear conviction that the trial court did not err by awarding Scott attorney's fees for his defense against Diane's contempt actions. Even though her argument may be novel, the absolute lack of any supporting Indiana or out-of-state case law and the absence of a good faith argument after the trial court's repeated and consistent analyses, makes us hesitant to categorize Diane's actions as zealous advocacy. *See Mitchell,* 695 N.E.2d at 924. Rather, we conclude that with her continuous filings Diane crossed the boundary into unnecessary and unwarranted litigation. *See id.* Accordingly, we affirm the trial court's award of attorney's fees.

### CONCLUSION

Based on the foregoing, we find that the trial court did not abuse its discretion in denying Diane's motion to correct error after finding that the allocation of a joint marital debt in a decree of dissolution is not *res judicata* against the creditor to whom the debt is owed and that the trial court did not err by assessing attorney's fees against Diane pursuant to I.C. § 34–52–1–1.

Affirmed.

CRONE, J., and ROBB, J., concur.