**INDIANAPOLIS DOWNS, LLC, d/b/a Indiana Downs, Appellant–Defendant,**

v.

**Richard S. HERR and A. Geraldine Herr As Trustees of the Richard S. Herr and A. Geraldine Herr Trust, Appellees–Plaintiffs.**

No. 49A02–0501–CV–71.

Court of Appeals of Indiana.

Sept. 20, 2005.

Transfer Denied Jan. 4, 2006.

Mary F. Schmid, James W. Brauer, Sonia S. Chen, Stewart & Irwin, P.C., Indianapolis, for Appellant.

Gene R. Leeuw, John M. Mead, Leeuw Oberlies & Campbell, P.C., Indianapolis, for Appellees.

## OPINION

ROBB, Judge.

Indianapolis Downs, LLC, doing business as Indiana Downs ("Indianapolis

Downs") appeals from the trial court's denial of its motion for summary judgment in an action instituted against it by Richard S. Herr and A. Geraldine Herr, as trustees of the Richard S. Herr and A. Geraldine Herr Trust (the "Trust"). We affirm.

### Issue

Indianapolis Downs raises one issue for our review, which we restate as whether the trial court properly denied summary judgment to Indianapolis Downs on the Trust's Complaint.

### Facts and Procedural History

The Trust owns land, including a lake, on the southwest corner of Interstate 74 and Fairland Road in Shelby County, Indiana. For many years prior to 2002, the Fairland Recreation Club, Inc. ("FRC"), of which the Herrs are the sole shareholders, operated a recreation center on that land known as Fairland Recreation Center. Fairland Recreation Center provided swimming, fishing, camping, and other seasonal outdoor entertainment areas. In 2002, Indianapolis Downs constructed a horse racing facility at the northwest corner of that intersection.

Indianapolis Downs' racing facility was to be built in a flood plain. In order to raise the soil level, two deep ponds were dug on the property and the soil therefrom was "de-watered" and spread over the property. The water that was removed from the soil was initially pumped toward Interstate 74, where it traveled to the Trust's land and significantly increased the level of Fairland Lake. After complaints were made, Indianapolis Downs diverted the water away from the Trust's land, causing the depletion of the lake.

In May of 2002, FRC filed a lawsuit against Indianapolis Downs, seeking damages from Indianapolis Downs' allegedly intentional conduct in first pumping water into Fairland Lake and then diverting water from the Lake. Specifically, FRC alleged that as a result of Indianapolis Downs' intentional actions, Fairland Recreation Center was forced to delay and ultimately cancel its beach season and was substantially and irreparably harmed. FRC also alleged that Indianapolis Downs was unjustly enriched by its conduct; however, the trial court did not allow FRC to present the issue of unjust enrichment to the jury. The jury returned a verdict for FRC awarding compensatory damages of $26,800 and punitive damages of $120,000. Neither party appealed the verdict.

Thereafter, the Trust instituted this action, alleging damage to their real estate and seeking damages for trespass and unjust enrichment. Indianapolis Downs filed a motion for summary judgment, alleging that the Trust's complaint was barred by collateral estoppel and res judicata. The trial court denied Indianapolis Downs' motion,[1] and Indianapolis Downs thereafter properly initiated this interlocutory appeal. Additional facts will be provided as necessary.

### Discussion and Decision

#### I. Summary Judgment Standard of Review

 On appeal from the grant or denial of a motion for summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact

---

1. The Trust also filed a motion for partial summary judgment, alleging that Indianapolis Downs was estopped from relitigating the issues of causation and liability. The trial court granted this motion. Indianapolis Downs appeals only the denial of its own motion for summary judgment.

and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Am. Home Assurance Co. v. Allen,* 814 N.E.2d 662, 666 (Ind.Ct.App.2004). A party seeking summary judgment bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. *Tack's Steel Corp. v. ARC Const. Co., Inc.,* 821 N.E.2d 883, 888 (Ind.Ct.App.2005). Once the moving party satisfies this burden through evidence designated to the trial court pursuant to Trial Rule 56, the nonmoving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. *Id.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *Best Homes, Inc. v. Rainwater,* 714 N.E.2d 702, 705 (Ind.Ct.App.1999). The court must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmovant, and resolve all doubts against the moving party. *Shambaugh & Son, Inc. v. Carlisle,* 763 N.E.2d 459, 461 (Ind.2002).

■■■ On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with a presumption of validity. *Sizemore v. Erie Ins. Exch.,* 789 N.E.2d 1037, 1038 (Ind.Ct.App.2003). A party appealing from an order granting summary judgment has the burden of persuading us that the decision was erroneous. *Id.* at 1038–39.

## II. Res Judicata

■■■ The doctrine of *res judicata* prevents the repetitious litigation of disputes that are essentially the same. *French v. French,* 821 N.E.2d 891, 896 (Ind.Ct.App. 2005). The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel. *Id.* Indianapolis Downs' appeal raises both claim preclusion and collateral estoppel issues.

### A. Claim Preclusion

■■■ Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Id.* When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Dawson v. Estate of Ott,* 796 N.E.2d 1190, 1195 (Ind.Ct.App.2003). The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 26 (Ind.Ct.App.2000), *trans. denied.* In determining whether claim preclusion should apply, it is helpful to inquire whether identical evidence will support the issues involved in both actions. *Richter v. Asbestos Insulating & Roofing,* 790 N.E.2d 1000, 1003 (Ind.Ct.App.2003), *trans. denied.*

■■■ "A party is not allowed to split a cause of action, pursuing it in a piecemeal fashion and subjecting a defendant to needless multiple suits." *Indiana State Highway Comm'n v. Speidel,* 181 Ind.App. 448, 392 N.E.2d 1172, 1175 (1979). However, two or more separate causes of action may arise from the same occurrence, and in such case a judgment on one action does not bar suit on the second. *Gorski v. Deering,* 465 N.E.2d 759, 762 (Ind.Ct.App. 1984).

In *Gorski,* a vehicle driven by Deering collided with a truck driven by Gorski in which Gorski's son and daughter were passengers. Gorski sued Deering for injuries sustained by his daughter in the accident. A jury returned a verdict in Deering's favor. Gorski thereafter sued Deering for his own injuries, lost wages, and property damage. The trial court granted Deering's motion for summary judgment on the basis of *res judicata.* On appeal, we reversed, noting that the first action sought damages for the daughter's injuries and the second for Gorski's injuries. Although both claims arose from the same incident, each required proof of injury and damages the other did not require, and therefore the second action was not barred by claim preclusion. *Id.*

Here, we have a similar situation. Although both the claims raised in the FRC lawsuit and the claims made in this lawsuit arose from the same incidents, they are separate claims: the first for damage to FRC's business and the second for damage to the Trust's real estate. Each claim requires proof that the other does not. Moreover, although the Herrs are involved in both FRC and the Trust, FRC and the Trust are two separate entities with separate, if complementary, interests. FRC, having no legal interest in the real estate, could not pursue a claim for damage to that real estate in its action. Certainly, FRC and the Trust could have joined as plaintiffs in one action and consolidated their claims, but they were not required to do so. *See* Ind. Trial Rule 20(A)(1) ("All persons *may* join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law and fact common to all these persons will arise in the action.") (Emphasis added.)

It is clear from the record that the judgment of the first cause was limited solely to damages caused to FRC's business by Indianapolis Downs, and decided nothing with regard to damage to the Trust's real estate. The trial court instructed the jury that in determining FRC's damages, it was to consider the "loss of value to" and "lost profits of" FRC.App. of Appellant at 205. The trial court further instructed the jury that "[w]hen an established business is injured, interrupted, or destroyed, the measure of damages is the diminution in value of the business, with interest, by reason of the wrongful act. The diminution may be measured by loss of profits." *Id.* at 206. FRC was not entitled to claim and the jury was not instructed in any way regarding damage to the real estate itself. Therefore, the claim preclusion branch of *res judicata* is inapplicable in the instant litigation.

## B. Collateral Estoppel

Collateral estoppel bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. *Millenium Club, Inc. v. Avila,* 809 N.E.2d 906, 911 (Ind.Ct.App.2004). Where collateral estoppel is applicable, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Sullivan v. American Casualty Co. of Reading, Pa.,* 605 N.E.2d 134, 137 (Ind.1992). However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. *Wedel v. American Elec. Power Serv. Corp.,* 681 N.E.2d 1122, 1131 (Ind.Ct.App.1997), *trans. denied.* Collateral estoppel does not extend to matters that were not expressly adjudicated and can be inferred only by argument. *Pritchett v. Heil,* 756 N.E.2d 561, 565 (Ind. Ct.App.2001).

In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case. *Meridian Ins. Co. v. Zepeda*, 734 N.E.2d 1126, 1129 (Ind.Ct.App.2000), *trans. denied.* The factors to be considered by the trial court in deciding whether to apply collateral estoppel include privity, the defendant's incentive to litigate the prior action, and the ability of the plaintiff to have joined the prior action. *Id.* These factors are not exhaustive but provide a framework for the trial court. *Id.* A trial court is afforded great deference to disallow the offensive use of collateral estoppel because it is the trial court that will devote the time to try the case. *Id.*

Indianapolis Downs contends that the issue of whether the Trust is entitled to damages for unjust enrichment is collaterally estopped because that issue was already litigated in Indianapolis Downs' favor in the FRC lawsuit.[2] In the FRC lawsuit, FRC tendered jury instructions on the issue of damages for unjust enrichment and the trial court refused to give those instructions. Indianapolis Downs contends that FRC nonetheless argued the issue of unjust enrichment damages to the jury in closing argument. Assuming that the issue of unjust enrichment damages was fully and fairly litigated in the FRC lawsuit, the only issue that is now precluded is the issue of whether Indianapolis Downs was unjustly enriched at FRC's expense. It may be that the evidence at trial in this lawsuit will not support an instruction on unjust enrichment just as it

did not in the FRC lawsuit; however, the issue of whether Indianapolis Downs was unjustly enriched at the Trust's expense has not yet been litigated and the Trust is not precluded from proceeding on this issue.

### Conclusion

The trial court properly denied Indianapolis Downs' motion for summary judgment, as *res judicata* does not bar the Trust's claims. The trial court's order is affirmed and this cause is remanded for further proceedings.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.

---

**2.** Indianapolis Downs also argues that the issue of whether the Trust is entitled to damages to the real estate is collaterally estopped because that issue was already presented to

the jury in the FRC lawsuit. As noted in the section above, any claims as to the real estate are new to this action.