**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2012, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**AARON ISBY**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON ISBY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1110-MI-592 |
| | ) | |
| LEE HOEFLING, DAVID GILSTRAP, | ) | |
| JAMES BASINGER, ROGER RANDALL, Jr., | ) | |
| KEVIN EWERS, EDWIN BUSS, | ) | |
| and DAVID SLOAN | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1105-MI-18467

**July 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Plaintiff Aaron Isby appeals from the dismissal of his lawsuit against Appellees-Defendants Lee Hoefling, David Gilstrap, James Basinger, Roger Randall, Jr., Kevin Ewers, Edwin Buss, and David Sloan[1] (collectively, "the Appellees"). Isby argues that the trial court erroneously concluded that he had failed to state a claim on which relief could be granted. We affirm.

## FACTS AND PROCEDURAL HISTORY

Isby is currently incarcerated at the Wabash Valley Correction Facility in Carlisle. Isby's television was allegedly confiscated on January 9, 2010, and allegedly damaged by prison officials. On January 25, 2010, Isby and Gilstrap executed a written "Settlement and Release Agreement" ("the Agreement") that provides as follows:

> The undersigned hereby promises that in exchange for a used television set to be provided to him by the Wabash Valley Correctional Facility (WVCF), he agrees to dismiss any claims pending or contemplated, with regard to any lost/damaged television set up to and including the date of the execution of this Agreement. In executing this Agreement, the undersigned releases the State of Indiana and the Indiana Department of Correction and it's [sic] agents and employees from any liability for any lost/damaged television set for which the undersigned would otherwise be entitled to seek reimbursement.
> The undersigned acknowledges receipt of a used television set AS IS from the Wabash Valley Correctional Facility by the execution of this Agreement.

Appellant's App. p. 97.

Soon after receiving the television, Isby complained in writing to prison staff that it was a "lemon" and not "in mint condition[.]" *Isby v. Gilstrap*, Cause No. 49A05-1009-

---

[1] Neither Isby nor the Appellees list Sloan as a party on appeal. However, Sloan was named in Isby's suit as a defendant and was still a party when Isby's complaint was dismissed. Pursuant to Indiana Appellate Rule 17, a party of record below is a party on appeal.

2

CT-660 slip op. at 1 (Ind. Ct. App. July 19, 2011).  On July 1, 2010, Isby filed an "Action for Declaratory Judgment" in Marion Superior Court against Gilstrap, Buss, Ewers, Basinger, Randall, and Sloan.  *Id.*  Isby alleged in the 2010 lawsuit that the defendants had entered into the agreement with the intent to defraud him because they had never intended to give him a "workable mint" replacement television, as he alleged the Agreement required them to do.  *Id.*  On September 7, 2010, the first trial court dismissed Isby's suit on the basis that it failed to state a claim upon which relief could be granted.  *Id*. at 2.  On July 19, 2011, this court affirmed the dismissal in an unpublished memorandum decision.  *Id*. at 4.

Meanwhile, on May 11, 2011, Isby filed a "Civil Action for Equitable Remedies and Damages" against Appellees.  In his second suit, Isby claimed that some Appellees had breached the Agreement, the Agreement was unconscionable, the Agreement was invalid because Gilstrap had not been authorized to sign it, and some Appellees had been negligent in damaging his television.  Moreover, in addition to the six persons named in the first lawsuit, Isby added Hoefling to the second suit as a defendant, contending only that Hoefling "Breached the Contract/Agreement by illegally delegating his Duties to a low ranking prison guard who gave plaintiff a defective Television Not in Conformity with what was promised under the Contract/Agreement[.]"  Appellant's App. p. 89.  On August 1, 2011, the Appellees filed a motion to dismiss on the ground that Isby's complaint was barred by *res judicata*.  On October 6, 2011, the trial court dismissed Isby's second suit in full, concluding that it was barred by *res judicata*.

**DISCUSSION AND DECISION**

3

**Whether the Trial Court Erred in Granting the Appellees' Motion to Dismiss**

Isby contends that the doctrine of *res judicata* does not operate to bar his claims and that the trial court erred in granting the Appellees' motion to dismiss.

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Charter One Mortgage Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007). Review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is therefore de novo. *Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 377 (Ind. 2001). A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.* (citing *McQueen v. Fayette County Sch. Corp.*, 711 N.E.2d 62, 65 (Ind. Ct. App. 1999), *trans. denied*).

*Babes Showclub, Jaba, Inc. v. Lair*, 918 N.E.2d 308, 310 (Ind. 2009).

"The doctrine of *res judicata* prevents the repetitious litigation of disputes that are essentially the same." *Afolabi v. Atlantic Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006) (citing *French v. French*, 821 N.E.2d 891, 896 (Ind. Ct. App. 2005)). "The principle of *res judicata* is divided into two branches: claim preclusion and issue preclusion, also referred to as collateral estoppel." *Id*.

### A. Claim Preclusion

> Claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy

adjudicated in the former action must have been between the parties to the present suit or their privies. In determining whether claim preclusion should apply, it is helpful to inquire whether identical evidence will support the issues involved in both actions.

A party is not allowed to split a cause of action, pursuing it in a piecemeal fashion and subjecting a defendant to needless multiple suits.

*Indpls. Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005), *trans. denied* (internal citations and quotation marks omitted).

As previously mentioned, Isby made four claims against seven defendants in this second suit, six of which defendants were also named in the first suit. There is no dispute that the prior judgment was rendered by a court of competent jurisdiction on the merits, so our analysis will focus on the other two requirements of claim preclusion. Isby has not brought any claim in the second suit that could not have been determined in the first. *See id.* Although Isby claims that the contract breach claim brought in this suit is distinct from that brought in the first suit and that his three other claims were not known to him when he filed the first suit, there is no claim of newly discovered evidence or anything else that might excuse his failure to bring all of his claims at one time.

As for the final requirement that all involved be parties or privies, six defendants to the first suit are also named in the second, so all requirements for claim preclusion are clearly met. At least in the case of the six defendants common to both suits, Isby seems to be engaging in the sort of cause-of-action-splitting and piecemeal litigation that are not allowed. *See id.*

Hoefling, however, was not a party to the first suit, and so claim preclusion will apply to him only if he is a privy to one or more of the other defendants in this suit.

5

Whereas a "party" is one who is directly interested in the subject matter and has a right to make a defense or control the proceedings, a "privy" is one who after rendition of the judgment has acquired an interest in the subject matter affected by the judgment. The term includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action. As such, an entity does not have to control a prior action, or be a party to a prior action, for privity to exist. Therefore, in determining the parties for *res judicata* purposes, this court looks beyond the nominal parties and treats those whose interest are involved as the real parties.

*MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010). There is no indication that Hoefling acquired any interest in the first suit following judgment, that he had any control over it, or that his interests were represented by any of the six defendants. As such, Hoefling was not a privy to any of the six defendants, and claim preclusion does not bar Isby's contract breach claim against him.

## B. Issue Preclusion

We need only to determine whether the breach of contract claim against Hoefling is barred by the doctrine of issue preclusion.

> Issue preclusion, or collateral estoppel, bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. Where collateral estoppel is applicable, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. Collateral estoppel does not extend to matters that were not expressly adjudicated and can be inferred only by argument. In determining whether to allow the use of collateral estoppel, the trial court must engage in a two-part analysis: (1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case.

*Afolabi*, 849 N.E.2d at 1175-76 (citing *Indpls. Downs*, 834 N.E.2d at 702 (internal citations omitted)). "The application of the principle of collateral estoppel involves a two step process: (1) determine what the first judgment decided; and (2) examine how that determination bears on the second case." *Webb v. State*, 453 N.E.2d 180, 183 (Ind. 1983) (citing *U.S. v. Mespoulede*, 597 F.2d 329, 333 (2d Cir. 1979)).

The only issue actually adjudicated in the first suit was whether the Agreement entitled Isby to receive a "mint" television, and the judgment in the first suit was based on the conclusion that the Agreement only entitled him to receive a used television in "as is" condition. As previously mentioned, Isby now claims that he expected to receive a "mint" television and that Hoefling breached the Agreement by allowing a defective television to be given to him. Isby's expectations, however, have nothing to do with the language of the Agreement; there can be no breach of the Agreement for failing to deliver a "mint" television if the Agreement only required delivery of a used television in "as is" condition, regardless of Isby's expectations. Indeed, there can be no breach, even for delivery of a defective television, when the Agreement only required delivery of one in "as is" condition. Isby's breach of contract claim against Hoefling, even though it was not barred by claim preclusion, *is* barred by issue preclusion.

## CONCLUSION

All of Isby's claims against Gilstrap, Basinger, Randall, Ewers, Buss, and Sloan are barred as *res judicata* by the doctrine of claim preclusion. Isby's contract breach claim against Hoefling, the only one brought against him, is barred by the doctrine of issue preclusion. Consequently, we affirm the trial court's judgment in all respects.

7

We affirm the judgment of the trial court.

VAIDIK, J., and CRONE, J., concur.