William FINKE and Ruth Finke, Appellants–Plaintiffs,

v.

NORTHERN INDIANA PUBLIC SERVICE COMPANY, Mercantile National Bank, as Trustees Under Trust Numbers 6058 and 6432, and others whose names and Addresses are not known, referred to as John Doe and Jane Doe, Appellees–Defendants,

and

Town of Highland, Indiana, Appellee–Intervenor Defendant.

No. 45A03–0707–CV–324.

Court of Appeals of Indiana.

April 8, 2008.

Karl L. Mulvaney, James M. Hinshaw, Bingham McHale, LLP, Indianapolis, IN, Gordon A. Etzler, Gordon Etzler & Associates, Valparaiso, IN, Attorneys for Appellants.

Paul A. Rake, Matthew S. Ver Steeg, Eichhorn & Eichhorn, LLP, Hammond, IN, Attorneys for Appellee Northern Indiana Public Service Company.

Rhett L. Tauber, Esq., Tara K. Tauber, Esq., Tauber Westland & Bennett, P.C., Schereville, IN, Attorneys for Appellee Town of Highland, Indiana.

## OPINION

FRIEDLANDER, Judge.

William and Ruth Finke appeal an entry of summary judgment in favor of Northern Indiana Public Service Company (NIPSCO) and the Town of Highland (Highland) on the basis that the Finkes' claim is barred by res judicata in this quiet title action involving a tract of land that was formerly part of a railroad corridor, since abandoned. The Finkes present several issues for review but we address only one, which we deem to be dispositive. That issue is: Is the Finkes' quiet title action barred by res judicata?

We affirm.

Viewed in a light most favorable to the Finkes, the nonmovants, the facts are as follows. As we will explain in greater detail below, this is the second appeal to come before us stemming from this controversy. This case centers upon a parcel of land located adjacent to land owned by the Finkes in the Town of Highland. The disputed parcel (the Parcel) was once part of a corridor upon which railroad tracks were located. The entire corridor traces its origin to 1906, when title was vested in the Chicago Cincinnati and Louisville Railroad Company following an eminent domain proceeding. The railroad eventually ceased using and then abandoned the tracks along that corridor, resulting in a July 18, 1988 purported conveyance of the Parcel from CSX Transportation and Chesapeake and Ohio Railway Company to NIPSCO via a Combined Special Warranty and Quitclaim Deed.

The Finkes own and operate a restaurant and lounge in Highland located adjacent to the Parcel. In 1984, Club Dimensions, Inc., the Finkes' predecessor in interest, leased a portion of the Parcel for customer parking. Six years after NIPSCO purportedly acquired the parcel in 1988, it granted Highland a revocable license to use the Parcel for the purpose of operating a recreational trail for the public's use. The Finkes purchased Club Dimensions in September 1994 and shortly thereafter received oral permission from Highland to use a portion of the NIPSCO property as a parking lot. This was the status of things when, on May 18, 2001, the Finkes received notice from Highland that they would no longer be able to use the Parcel for customer parking. Thus commenced a series of legal endeavors initiated by the Finkes, including three actions filed below.

The first of those actions was initiated on October 2, 2002 via a Complaint to Declare Prescriptive Easement and a Motion for Preliminary Injunction (the first action). This action was filed in Lake Superior Court under cause number 45D05–0210–PL–99–237. On October 22, 2002, following a hearing, the trial court denied the motion for preliminary injunction upon its conclusion that the Finkes failed to show a likelihood of prevailing on their prescriptive easement claim. About two months later, the Finkes' counsel submitted a motion to withdraw from the case, which ultimately was granted, and the Finkes were given thirty days to obtain new counsel. At that point, the litigation went dormant and the Finkes took no further action to prosecute the matter for nearly two years.

While those events were transpiring, and unbeknownst to the Finkes at the time, a separate lawsuit was filed in Hamilton County, Indiana concerning the entire railroad corridor of which the Parcel was a part. The Finkes were members of the class by virtue of their status as owners of property adjoining the railroad corridor, but did not learn of the suit until sometime after judgment had been rendered. The Finkes learned of the Hamilton County

judgment in March 2004 and believed it conferred upon them fee simple title to the Parcel. In June 2004, the Finkes filed a second lawsuit in the Lake Superior Court under Cause No. 45D11–0406–PL–99–00068 (the second action), with a complaint captioned "Verified Complaint for Declaratory Judgment, to Quite [sic] Title, For Mandatory Injunction, and for Damages." *Appellant's Appendix* at 61. The Parcel was the subject of the second lawsuit as well as the first. Highland and NIPSCO filed motions to dismiss the second action pursuant to Indiana Trial Rule 12(B)(8). On July 22, 2004, following a hearing, the trial court dismissed without prejudice the second action upon the following rationale:

> The Court finds that the real property is precisely the same in the instant cause of action and the action pending in the Lake Superior Court Room Five as Cause Number 45D05–0210–PL–99–237 and that the parties are substantially the same in both cases. The Court further finds that the action pending in Lake Superior Court Room Five as Cause Number 45D05–0210–PL–99–237 was filed more than eighteen months prior to the instant cause of action filed June 19, 2004 and that this Court should defer to Lake Superior Court Room Five's authority over this case.

*Id.* at 72.

On August 2, 2004, shortly after their second action was dismissed, the Finkes filed a motion to dismiss their first action on the ground of mootness, claiming the Hamilton County judgment settled the matter of ownership of the Parcel and rendered their prescriptive easement action moot. In the alternative, the Finkes also filed a motion to amend their complaint. On February 1, 2005, following a hearing, the trial court ruled on all motions then pending, including the following: (1) Denied the Finkes' motion to dismiss;

(2) granted the Finkes' motion for change of venue; and (3) denied the Finkes' motion to amend their complaint. At this point,

> [a]nother trial court subsequently assumed jurisdiction over the case. A status conference was held on June 20, 2005, at which deadlines were established for discovery and dispositive motions. The Finkes were also granted leave to file an amended complaint. The Finkes, however, did not timely file an amended complaint.

NIPSCO answered the original complaint on June 30, 2005. Thereafter, on October 14, the Town and NIPSCO filed separate motions for summary judgment, with supporting memoranda, designated evidence, and exhibits. The Finkes failed to respond to the summary judgment motions. Instead, on December 16, well after the deadline to respond had passed, the Finkes filed a renewed motion to dismiss or, in the alternative, a motion for leave to amend their complaint. A week later, the Finkes filed for an extension of time to respond to the motions for summary judgment, which the trial court properly denied as untimely pursuant to Ind. Trial Rule 56(I).

On February 23, 2006, the trial court held a hearing on the pending motions. The trial court, by order dated February 27, denied the Finkes' renewed motion to voluntarily dismiss the case, as well as their motion to amend the complaint. [In a footnote inserted here, we observed, "The Finkes sought to amend the complaint to assert a quiet title action, claiming superior title to the NIPSCO Property based upon a declaratory judgment order in a class action issued on November 26, 2003 by the Hamilton Superior Court. The trial court denied the Finkes' motion to amend because it

was not filed within a reasonable time after the June 20, 2005 status conference, at which they were granted leave to amend the complaint. The Finkes' filing of their amended complaint, six months after the status conference, did not occur until after the close of discovery, after the defendants had filed for summary judgment, and after the Finkes had failed to respond to summary judgment. The Finkes do not appeal the denial of their motion to amend the complaint."]

Thereafter, on May 18, the trial court entered an order granting summary judgment in favor of the Town and NIPSCO.

*Finke v. Northern Indiana Public Service Co.*, 862 N.E.2d 266, 269–270 (Ind.Ct.App. 2006), trans. denied. In a December 29, 2006 decision, we affirmed the trial court in all respects. Thus ended the first—and before it, the second—actions.

Meanwhile, on May 15, 2006, approximately one month before they appealed the trial court's adverse ruling in the first action, the Finkes filed their third action in the Lake Superior Court, this one under Cause No. 45C01–0605–PL–99–189. The Finkes commenced the third action by filing a pleading entitled, "Verified Complaint for Declaratory Judgment, To Quite [sic] Title, and For Mandatory Injunction." *Appellant's Appendix* at 15. NIPSCO and Mercantile Nation Bank Company[1] (Mercantile) were named as defendants. The third action, like the first and second before it, concerned ownership of the Parcel. In it, the Finkes' asserted the same claim (i.e., the Hamilton County judgment conferred ownership of the Parcel upon the Finkes) as was contained in the complaint initiating the second action and the proposed amended complaint in the first action.

On July 10, 2006, NIPSCO filed its answer asserting as affirmative defenses that the Finkes' complaint failed to state a claim upon which relief can be granted and that it was not timely filed. Highland filed a motion to intervene, which was granted. On September 6, 2006, NIPSCO filed a motion to dismiss or stay the proceedings pending the outcome of the Finkes' appeal in the first action. On January 16, 2007, a little more than two weeks after our decision was handed down in the first case, Highland and NIPSCO filed separate motions for summary judgment in the third action on grounds that res judicata barred the third action following this court's decision in the first appeal. On May 21, 2007, the trial court conducted a hearing on all motions then pending, including the motions for summary judgment. On June 14, 2007, the trial court granted NIPSCO's and Highland's summary judgment motions, thereby resolving the Finkes' third action in favor of NIPSCO and Highland. The Finkes appeal.

■ The Finkes contend the trial court erred in granting summary judgment in favor of NIPSCO and Highland. On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court. Specifically, we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. *Old Romney Dev. Co. v. Tippecanoe County*, 817 N.E.2d 1282 (Ind.Ct.App.2004). After the moving party has sustained its initial burden of prov-

---

1. Mercantile owned the property adjoining the opposite side of the Parcel from the Finkes. Although it had previously disclaimed any ownership interest in most of the Parcel, Mercantile was added "so they . . . may assert any claim or interest which they may have to the northeasterly fifty (50) feet of the North strip." *Id.* at 18–19.

ing the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Id.*

 The summary judgment motions submitted by both NIPSCO and Highland were premised upon the same theory—res judicata. Res judicata consists of two distinct components—claim preclusion and issue preclusion. *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038 (Ind.Ct.App. 2007). We focus in this case upon claim preclusion.

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, *or could have been*, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

*Id.* at 1048 (quoting *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1195 (Ind.Ct.App. 2003)) (emphases in original). Pursuant to this doctrine, "all issues decided directly or implicitly in a prior appellate decision are binding in all subsequent portions of the same case." *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d at 1048.

The Finkes contend that res judicata does not apply here, viz.:

> similarly, in this Court's Opinion affirming Judge Dywan's summary judgment in the Prescriptive Easement Action, it made no determination of any ownership claims. Indeed, the Court expressly recognized that there was *no evidence presented* in the record on the question of fee simple ownership, and the Finkes' attempts to inject such issues or evidence into that cause of action for the first time on appeal was untimely and procedurally improper.

*Appellants' Brief* at 31 (emphasis in original). According to the Finkes, "simply put, there was never *any* prior adjudication of fee simple ownership in the Prescriptive Easement Action, and *res judicata* does not apply. *Id.* at 30. The Finkes make a corollary assertion that they were not required to litigate the ownership issue in the first action because it was a separate question from the existence of an easement.

We observe that in initially seeking to establish a prescriptive easement, the Finkes admitted in the complaint that NIPSCO owned the Parcel in fee simple. That admission was at odds with the assertion in the complaint initiating the second action that the Finkes were fee simple owners of the Parcel by virtue of the Hamilton County judgment. The Finkes recognized the incongruity and sought voluntary dismissal of the first action, which was denied as untimely by the original trial court. We affirmed that decision in the first appeal. After the second action had been dismissed without prejudice because of the existence of the same subject matter in the first action, the new court to which the first action had been transferred granted the Finkes leave to amend their complaint in order to assert ownership of the Parcel. When NIPSCO and Highland believed that the Finkes failed to amend within a reasonable time, they (NIPSCO and Highland) filed motions for summary judgment in which they alleged, among

other things, that NIPSCO was the owner of the Parcel. The Finkes did not file anything to oppose those summary judgment motions, but instead renewed their requests to dismiss the complaint or, in the alternative, once again sought leave to amend their complaint.

The court denied the renewed motions to dismiss and amend. Moreover, noting that the Finkes "filed no response to the motions for summary judgment, nor did [they] request an extension of time to do so before the time permitted to respond as provided by Trial Rule 56," *Appellants' Appendix* at 446, the trial court granted Highland's and NIPSCO's motions for summary judgment. In so doing, the trial court determined that, in light of the Finkes' failure to file anything opposing summary judgment, the material facts were not in dispute. One of those material facts, as recited by the court, was that NIPSCO was the owner of the real estate in question. The Finkes appealed that determination in the first appeal and were not successful.

In the third action, the Finkes sought to resurrect essentially the same claim they had failed to successfully present in their first and second actions, i.e., that they owned the Parcel by virtue of the Hamilton County judgment. For purposes of this discussion, we can ignore the second action, as it was dismissed without prejudice with the implicit understanding that ownership and rights to the Parcel would be determined in the first action. The Finkes cannot plausibly argue otherwise, as they actively sought leave to amend their complaint in the first action in order to assert an ownership interest. Moreover, that request was *granted* and the Finkes were permitted to amend along those lines. For reasons not clear from the record and not explained to us by the Finkes, they had not filed an amended complaint after approximately four months. At that time, NIPSCO and Highland sought summary judgment on grounds that the Finkes' claim of prescriptive easement—the *only* claim asserted against NIPSCO and Highland in the Finkes' complaint, which by then they had either neglected to or chosen not to amend, was not legally viable.

It is against that factual backdrop that we must consider Highland's and NIPSCO's claim that res judicata bars the third action. Of the four elements of res judicata, it appears that only two can legitimately be questioned here, i.e., whether the former judgment was rendered on the merits and whether ownership was, or could have been, determined in the first action. *See Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038. In this case, the two elements are interrelated and must be analyzed together.

The linchpin of the Finkes' argument on appeal is the contention that "there was never *any* prior adjudication of fee simple ownership" in the first action. *Appellants' Appendix* at 30 (emphasis in original). To the extent this assertion can be said to be technically true (i.e., the court never addressed the legal question of whether the Hamilton County judgment conferred fee simple title to the Parcel upon the Finkes), it is only because the Finkes neglected or declined to present the issue via a timely amended complaint after its request to do so was granted. As observed recently by this court, it has long been the case that res judicata "embraces not only what was actually determined, but every matter which the parties could have had litigated in the cause. The judgment in the former case is conclusive and bars a subsequent action *if an opportunity was presented to litigate the entire subject matter in the first action.*" *Smith v. Lake County*, 863 N.E.2d 464, 470 (Ind.Ct.App.2007) (quoting

*Hammond Pure Ice & Coal Co. v. Heit-man,* 221 Ind. 352, 358–59, 47 N.E.2d 309, 311 (1943)), *trans. denied* (emphasis supplied).

The Finkes' legal endeavors with respect to the Parcel began, understandably, as an effort to establish the existence of a prescriptive easement. When they learned of the Hamilton County judgment, which the Finkes believed conferred upon them fee simple ownership of the Parcel, they filed a second action to establish ownership. For reasons of judicial economy, because the first action was ongoing, the court dismissed the second action. Thereafter, in the first action, the Finkes sought permission to amend their complaint by removing the prescriptive easement claim and adding the ownership claim. The trial court granted the Finkes permission to do so, but the Finkes failed to submit an amended complaint in a reasonable amount of time. When they faced motions for summary judgment, the Finkes chose not to oppose the motions, but instead once again sought permission to dismiss the first complaint or to file what by this time was a belated amendment to their complaint. The trial court determined that the Finkes had been dilatory in filing their amended complaint and refused to grant an extension of time to do that. At that point, the court granted Highland's and NIPSCO's summary judgment motions.

All of the foregoing rulings in the first action were affirmed on appeal. Thus, the Finkes cannot now challenge the denial of their renewed motion to dismiss or amend their first complaint. We think it clear on these facts that "an opportunity was presented to litigate the entire subject matter in the first action," *Smith v. Lake County,*

863 N.E.2d at 470 (quoting *Hammond Pure Ice & Coal Co. v. Heitman,* 47 N.E.2d at 311), including the issue of ownership of the Parcel in light of the Hamilton County decision. It is significant to us that the trial court permitted the Finkes to amend along those lines *after the Finkes actively sought permission to do so.* The Finkes neglected, for reasons not explained on appeal and at their own peril, to amend within a reasonable period of time.

To summarize, judgment in the first action was rendered on the merits by a court of competent jurisdiction, the question of ownership via the Hamilton County judgment was, or could have been, determined in the first action and, of course, the controversy adjudicated in the first action was between the principal parties in the present suit—the only parties who have asserted a claim of ownership of the Parcel, i.e., NIPSCO and the Finkes. All of the elements are met and, as a result, res judicata bars the third action. The trial court did not err in so concluding and thereby granting summary judgment[2] in favor of NIPSCO and Highland.

Judgment affirmed.

MATHIAS, J., and ROBB, J., concur.

---

**2.** We reject the Finkes' claim that NIPSCO waived the affirmative defense of res judicata by not asserting it earlier with the observation that NIPSCO filed for summary judgment on that basis a mere two weeks after this court affirmed judgment against the Finkes in the first action.