OPINION
BAILEY, Judge.
Case Summary
R.L. and P.L. (“Guardians”) appeal an order terminating their guardianship of L.T. and A.J.B. (“the Children”) upon the *689 motion of A.B. (“Mother”)- Guardians present the sole consolidated issue of whether the order is clearly erroneous. We affirm.
Facts and Procedural History
Mother, who is the granddaughter of Guardians, gave birth to L.T. in 2004. L.T.’s biological father has not been involved in her life. In 2006, Mother married R.B. (“Father”) and gave birth to A.J.B. A.J.B. was diagnosed with Downs Syndrome. He is high-functioning but has significant delays in verbal communication.
Mother and Father had difficulty maintaining a residence and employment sufficient to support the Children and Father’s child from another relationship.[1] After some lengthy visits, L.T. and A.J.B. came to live with Guardians in September of 2007. The guardianship was formalized in November of 2007, so that Guardians could obtain medical insurance benefits for the Children. The Children thrived in Guardians’ care.
On November 9, 2011, Mother filed a motion to terminate the guardianship. The Guardians objected to the proposed termination. The trial court heard evidence on the contested termination at hearings conducted on July 5 and 19, 2012. On July 31, 2012, the trial court granted Mother’s petition and ordered that custody of the Children be transferred immediately. The trial court specifically found that Guardians had provided exemplary care for the Children, but also found that Mother and Father were currently able to provide for the Children’s needs.
Guardians appealed and sought an emergency stay of the order. This Court granted the stay and ordered the appellate filings to be expedited.
Discussion and Decision
Indiana Code Section 29-3-12-1 (c)(4) provides that the trial court may terminate any guardianship when the guardianship is no longer necessary. Guardians, who claimed that continuation of the guardianship was necessary because of AJ.B.’s special needs and his parents’ alleged continuation of financial instability, requested that the trial court enter findings and conclusions pursuant to Indiana Trial Rule 52.
We thus employ a two-tiered standard of review; we first determine whether the evidence supports the findings, and then consider whether the findings support the judgment. In re Guardianship of L.L., 745 N.E.2d 222, 227 (Ind.Ct.App.2001), trans. denied. The trial court’s findings and judgment will not be set aside unless they are clearly erroneous. Id. A judgment is clearly erroneous when it is unsupported by the conclusions drawn, and conclusions are clearly erroneous when they are not supported by findings of fact. Id. A judgment is also clearly erroneous when the trial court has applied the wrong legal standard to properly found facts. Fraley v. Minger, 829 N.E.2d 476, 482 (Ind.2005). In reviewing the order being appealed, we will neither reweigh the evidence nor assess witness credibility. In re M.B. and P.B., 666 N.E.2d 73, 76 (Ind.Ct.App.1996), trans. denied. Rather, we will consider only the evidence that supports the trial court’s judgment together with all reasonable inferences to be drawn therefrom. Id.
Guardians do not allege that the trial court’s findings of fact are unsupported by the evidence. Rather, Guardians contend that they are de facto custodians and the trial court failed to employ the legal standard applicable to the established facts in this context. More particularly, Guardians *690 argue that “presumably, with their de fac-to status, there would be no burden of proof as with an initial custody determination or Mother and Father/Step-Father would have to prove a substantial change in circumstances to have custody modified back to them.” Appellants’ Brief at 27. According to Guardians, “this appears to be an unanswered question of law.” Appellants’ Brief at 27. As best we can discern, Guardians maintain that the parents should bear the burden of showing the Children’s best interests are served by a custody modification.
Indiana law defines a “de facto custodian” as someone who has been the primary caregiver for, and financial support of, a child who has resided with the person for at least six months if the child is less than three years of age or one year if the child is at least three years of age. Ind. Code § 31-9-2-35.5. “The apparent intent of the de facto custodian statute is to clarify that a third party may have standing in certain custody proceedings, and that it may be in a child’s best interests to be placed in that party’s custody.” In re K.I., 903 N.E.2d 453, 462 (Ind.2009) (citing In re L.L., 745 N.E.2d at 230).
In K.I., our Indiana Supreme Court described in detail the legal framework applicable to custody disputes between a natural parent and a third party. In particular, K.I., involved a parent’s action to take custody of his daughter and in so doing terminate her grandparents’ guardianship over her. First, the Court observed that custody modifications are reviewed for an abuse of discretion, with a preference for deference to our trial judges in family law matters. Id. at 457. The Court then recognized that, pursuant to Indiana Code section 31-14-13-6, child custody may not be modified unless the modification is in the best interests of the child, and there is a substantial change in one or more of the factors that the court may consider under section 31-14-13-2 and, if applicable, section 31-14-13-2.5.[2] Id.
However, the Court in K.I. clearly reiterated that the non-parent must overcome the “important and strong presumption” that a child’s best interests are best served by placement with his or her natural parent. Id. at 459 (citing In re Guardianship of B.H., 770 N.E.2d 283, 287 (Ind.2002)). The burden is one of clear and convincing evidence proving that the child’s best interests are “substantially and significantly” served by the third-party placement. Id. The Court specifically rejected a “burden-shifting regime” placing *691 the third party and the parent on a level playing field, as this would be inconsistent with long-standing State precedent. Id. at 460.
Although the party seeking a change of custody must persuade the trial court that modification is in the best interests of the child and there is a substantial change in one of the afore-mentioned statutory factors, “these are modest requirements where the party seeking to modify custody is the natural parent of a child who is in the custody of a third party.” Id. The “parent comes to the table with a strong presumption” and the burden imposed by the statutory requirements is “minimal.” Id. When the parent meets this “minimal burden,” the third party must prove by clear and convincing evidence that the child’s best interests are substantially and significantly served by placement with another person. Id. at 461 (citing B.H., 770 N.E.2d at 287). If the third party carries the burden, custody of the child remains in the third party. Id. at 461. “Otherwise, custody must be modified in favor of the child’s natural parent.” Id.
In short, in a custody dispute between a parent and a third party, even where the parent seeks to re-obtain custody, the burden of proof is always upon the third party. See id. As such, Guardians cannot prevail upon their suggestion that the trial court should have disregarded a parental presumption because Guardians have provided long-term care for the Children. The trial court’s order referenced the language of B.H. and there is no indication that an incorrect legal standard was employed.
The parties agree that the reason for the Children’s placement with Guardians was Mother’s and Father’s lack of stable housing and employment. After hearing evidence of current conditions, the trial court found that Father was employed in a factory making $16.63 per hour and Mother was employed at Subway, they had decided to buy a house that would provide suitable family accommodations, and Mother had made inquiries to address AJ.B.’s special educational needs. The trial court found that both Children could be expected to make the necessary adjustments. Guardians’ strenuous argument that Mother and Father have shown instability in the past and likely cannot adequately address AJ.B.’s special needs in the present is an invitation to reweigh the evidence. This Court is prohibited from reweighing the evidence. In re B.H., 770 N.E.2d at 288. Accordingly, we decline to do so.
Affirmed.
CRONE, J., concurs.
RILEY, J., dissents with separate opinion.

. Father has a child three months older than A.J.B. She lives with Father’s mother.

. The non-exhaustive list of relevant factors includes (1) the age and sex of the child, (2) the wishes of the child's parents, (3) the wishes of the child, (4) the interaction and interrelationship of the child with the child’s parents, siblings, and any other person who may significantly affect the child’s best interest, (5) the child’s adjustment to home, school, and community, (6) the mental and physical health of all individuals involved, (7) evidence of a pattern of domestic or family violence by either parent, and (8) evidence that the child has been cared for by a de facto custodian.
Section 2.5 is applicable only if the court finds by clear and convincing evidence that the child has been cared for by a de facto custodian. If so, in addition to the factors listed in section 2, the court shall consider (1) the wishes of the child's de facto custodian, the extent to which the child has been cared for, nurtured, and supported by the de facto custodian, the intent of the child's parent in placing the child with the de facto custodian, and the circumstances under which the child was allowed to remain in the custody of the de facto custodian (including whether placement was to allow the parent to seek employment, work, or attend school). Ind. Code § 31-14-13-2.5(b). Pursuant to subsection (d), the court shall award custody of the child to the de facto custodian if the court determines that it is in the best interests of the child.