**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT
ERNESTINE WALDON:
**DALE W. ARNETT**
Winchester, Indiana

ATTORNEYS FOR APPELLEES
BARBER AND BARBER:
**JENNIFER M. HERRMANN**
Kightlinger & Gray, LLP
Indianapolis, Indiana

**CRYSTAL G. ROWE**
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR APPELLEES
WILKINS AND WILLIAMS:
**JAMES S. STEPHENSON**
**IAN L. STEWART**
Stephenson, Morow & Semler
Indianapolis, Indiana



FILED
Feb 11 2013, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERNESTINE WALDON, CHRISTINE HAMPSHIRE, AND VERGIE SMALL, | ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 18A02-1203-PL-222 |
| DONNA WILKINS, MD, JOSHUA WILLIAMS, RODNEY BARBER, AND CARL BARBER, JR., | ) ) ) ) ) | |
| Appellees-Defendants. | ) ) | |

**February 11, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Ernestine Waldon ("Waldon") appeals the Delaware Circuit Court's order dismissing her complaint against certain employees of the Delaware County Health Department. In this litigation, spanning over six years, Waldon is seeking damages for removal and/or destruction of certain personal property, which was confiscated by the Health Department pursuant to a 2005 demolition order issued by the Delaware Circuit Court.

We affirm in part, reverse in part, and remand for proceedings consistent with this appeal.

**Facts and Procedural History**

Facts pertinent to this appeal were discussed in Waldon's prior appeal of the 2005 demolition order, and are as follows:

Defendants owned a mobile home located at 12220 North 600 West in Gaston, Delaware County, Indiana ("Property"). On August 29, 2005, the Delaware County Health Department posted two notices at that address. The first was captioned "OFFICIAL NOTICE: ABATEMENT ORDER OF UNLAWFUL CONDITION." The notice stated: "You are hereby notified that the Delaware County Health Officer, and her designated representative have determined that a condition exists on the [Property] which may transmit, generate or promote disease, pursuant to [Indiana Code §] 16-20-1-25." Specifically, the notice explained that "trash/debris must be removed & properly discarded," that "inside home must be thoroughly cleaned &

sanitized," and that "[the Property] must be properly mowed & cleared of tall weeds." The notice gave Defendants until September 12, 2005, to rectify those conditions. Further, the document provided: "Should you fail to respond to this order, an injunction will be filed in the Delaware Circuit Court to obtain a court order requiring you to comply with the above stated condition(s)."

The second document was captioned "NOTICE: ORDER TO DEEM STATED DWELLING AS UNFIT FOR HUMAN HABITATION." The notice indicated that the Property suffered from a "[w]ant of repair" and the "[e]xistence on the premises of an unsanitary condition that is likely to cause sickness among occupants of the dwelling." The county deemed the Property unfit for human habitation and ordered the Property vacated by September 3, 2005.

On September 29, 2005, Donna Wilkins, M.D. ("Wilkins"), the health officer for Delaware County, filed a Complaint for Injunctive Relief and Declare Property a Public Nuisance and Request for Attorney Fees ("Complaint") against the Defendants. Wilkins alleged that the situation that existed at the Property "may promote, transmit or generate disease to wit, that said residence contains excessive trash and debris and the outside property is unkempt." Wilkins asked the trial court to declare the Property a public nuisance and requested the abatement of the nuisance. Specifically, Wilkins asked for an order "permitting a health officer to take whatever means necessary to bring the property into compliance[.]" On the same day, Wilkins filed a request for an emergency hearing in the matter. The trial court granted the request and set the matter for an emergency hearing on October 14, 2005. Copies of the Complaint, the summons, and the order setting the emergency hearing were delivered to the Property on October 4, 2005. The summons explained that the Defendants had twenty days to respond to Wilkins' Complaint.

Two days before the scheduled hearing, on October 12, 2005, Waldon filed a handwritten request for a continuance, apparently because she needed more time to find an attorney and because her granddaughter was scheduled to have surgery on October 14. The trial court summarily denied Waldon's request the same day.

The emergency hearing was held as scheduled on October 14. The Defendants did not appear at the hearing, nor did anyone appear on their behalf. Joshua Williams, an employee of the Delaware County Health Department, testified as to his observations regarding the condition of the Property and produced photographs of the Property. When asked, "[I]s it suitable to be cleaned up or are you requesting for authority to have it removed?" Williams responded, "For removal." The same day, the trial court entered judgment in favor of Wilkins, finding, in pertinent part:

1. That the [Property] violates the health codes of Delaware County and the Junk Car Ordinance of Delaware County.

2. That the Defendants have ten (10) days from the date of this Order to remove any personal property of value.

3. That after said ten (10) days, the Health Department shall be authorized to remove from the premises the modular building and all personal property and debris located on the real estate.

4. That the Plaintiff shall report to the Court the costs of said efforts which shall then be assessed as a judgment against the Defendants and the real estate.

5. That the Defendants shall also pay a reasonable attorney fee in the amount of Seven Hundred Fifty Dollars ($750.00) to counsel for the Plaintiff . . . within 60 days from the date of this order.

\* \* \* \*

7. That the costs of removing the modular building and all personal property and debris from the premises and attorney fees shall constitute a judgment against the Defendants.

Waldon and her daughter went to the Property on October 26, 2005, to find that the mobile home had been demolished and that people were taking away the personal property that remained.

Nearly two months later, on December 21, 2005, the Defendants filed their Motion to Set Aside Default Judgment and Petition for Order Requiring Plaintiff to Return Defendant's Property, which the trial court denied. Defendants then filed a motion to correct error, which the trial court also denied. Defendants now appeal.

Waldon v. Wilkins, 859 N.E.2d 395, No. 18A04-0604-CV-199, Slip op. at 1-3 (Ind. Ct. App. Dec. 29, 2006), trans. denied (record citations omitted).

Waldon and her co-defendants appealed the demolition order arguing lack of personal jurisdiction, violation of their due process rights, that the trial court's demolition order was unwarranted because they were not given an adequate opportunity to remedy the property's unlawful condition, and that relief from judgment was necessary pursuant to Trial Rule 60(B)(3) due to misconduct of an adverse party. Our court rejected their arguments, and we also observed:

4

> [T]o the extent that Defendants are entitled to any relief regarding their personal property, that relief must come by way of a lawsuit against the individuals and entities involved with the execution of the order. Our task here was to review the validity of the order, which we have done. Determining whether Defendants' rights were violated in the execution of the order is the domain of Indiana's trial courts.

Id. at 6. Waldon and her co-defendants filed a petition to transfer the case to our supreme court, which the court denied. They then unsuccessfully sought certiorari to the United States Supreme Court, which writ was denied on November 26, 2007.

Approximately six weeks before the United States Supreme Court denied the writ of certiorari, Waldon and Vergie Small filed a 42 U.S.C. § 1983 claim in the United States District Court for the Southern District of Indiana against Wilkins and her employees alleging that their personal property was taken without just compensation in violation of the Fifth Amendment of the United States Constitution. The Federal District Court dismissed the complaint, and Waldon and Small appealed the dismissal to the Seventh Circuit Court of Appeals. On August 13, 2010, the Seventh Circuit affirmed the district court's dismissal after concluding that the complaint failed to state a claim under Federal Rule of Procedure 12(b)(6). Appellant's App. p. 126. The court concluded that "a takings claim is unripe because the plaintiffs have not alleged that they have sought and been denied compensation at the state level," their procedural due process claim was meritless, and that they failed to state a claim under the Fourth Amendment. Id. at 126-27. Waldon and Small also sought certiorari of the Seventh Circuit's decision, which writ was denied on March 7, 2011.

5

More than six months later, Waldon, Small, and Christine Hampshire filed the complaint at issue in this appeal. They named the following Delaware County Health Department employees as defendants: Dr. Donna Wilkins, Joshua Williams, Rodney Barber and Carl Barber, Jr. (collectively "the Appellees"). Waldon, Small and Hampshire alleged conversion of their personal property, requested replevin of their property, and alleged willful destruction of property "thereby committing the crime of criminal mischief[.]" Id. at 20. Dr. Wilkins and Williams filed a motion to dismiss the complaint, but before a hearing could be held on that motion, Waldon and her co-plaintiffs filed an amended complaint. The amended complaint alleged damage to real property, detention of personal property, fraud, unjust enrichment, and requested punitive damages.

The Appellees filed motions to dismiss the amended complaint and a hearing was held on the motions on January 6, 2012. The Appellees argued that Waldon, Small and Hampshire's claims were barred by the statute of limitations and the doctrine of res judicata. The Appellees also argued that they were entitled to quasi-judicial immunity because, as agents of the Health Department, they were acting pursuant to a valid court order. On January 11, 2012, the trial court dismissed the complaint with prejudice.

Waldon, Small and Hampshire filed a motion to correct error, which the trial court denied on February 20, 2012. In that order, the court specifically ruled that the claims are barred by the doctrine of res judicata and statute of limitations, the failure to file a timely tort claim notice, and by the doctrine of immunity afforded to public officials in their

6

execution of enforcing a court order. Id. at 10. Waldon now appeals.[1] Additional facts will be provided as necessary.

## I. Immunity

Waldon has unsuccessfully litigated the trial court's demolition order for more than seven years. In this latest challenge, the Appellees argued several reasons for dismissing the amended complaint with prejudice. The most compelling reason for dismissal of the amended complaint is the doctrine of judicial or quasi-judicial immunity.

"It is well-settled that judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction." Droscha v. Sheperd, 931 N.E.2d 882, 888-89 (Ind. Ct. App. 2010) (citing Mendenhall v. City of Indpls., 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999), trans. denied). "The underlying purpose of the immunity is to preserve judicial independence in the decision-making process." Id. "The same policies that underlie the grant of absolute judicial immunity to judges justify the grant of immunity to non-judicial officers who perform quasi-judicial functions." Id. "Absolute judicial immunity therefore extends to persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Id.

To determine whether a person is entitled to the benefit of judicial immunity, we apply the functional approach and look to the nature of the function performed, not the

---

[1] The appellant's attorney entered an appearance in this appeal only on Waldon's behalf. Small and Hampshire have not entered appearances in this appeal.

identity of the person who performed it.  Id.  Consistent with that principle, our courts have held that "the act of executing or enforcing a court order is a function intrinsically associated with judicial proceedings," and therefore, "a non-judicial officer who acts in furtherance of a valid court order cannot be deprived of immunity."  See e.g., Newman v. Deiter, 702 N.E.2d 1093, 1100 (Ind. Ct. App. 1998), trans. denied.

Waldon concedes that the Delaware Circuit Court entered an order authorizing the Delaware County Health Department to remove the personal property located on the Gaston, Indiana real estate.  Appellant's App. p. 57.  The Appellees removed the personal property pursuant to that court order.  Specifically, the court order authorized the Health Department "to remove from the premises the modular building and all personal property and debris located on the real estate."  Id. at 97.  For this reason, we conclude that the Appellees were entitled to judicial or quasi-judicial immunity and cannot be found liable to Waldon for claims seeking monetary damages that arise from the removal of the property.

Moreover, the Appellees were acting within the scope of their government employment, and were therefore immune from liability under the Indiana Tort Claims Act.  See Long v. Barrett, 818 N.E.2d 18, 24 (Ind. Ct. App. 2004), trans. denied.  The Act

> "allows government employees acting in the scope of their employment the freedom to carry out their duties without the fear of litigation." When the employee's conduct is "'of the same general nature as that authorized, or incidental to the conduct authorized,'" it is "within the scope of employment." Whether certain acts of an employee are within the scope of employment "may be determined as a matter of law" if the designated materials conclusively demonstrate.

Id. (citations omitted).

8

An action may not be brought against a government employee personally unless there is "an allegation that the 'act or omission of the employee' is either (a) malicious or (b) willful and wanton, and (2) the complaint 'must contain a reasonable factual basis supporting the allegations.'" Id. (quoting I.C. § 34–13–3–5(b)). The Appellees were executing the trial court's demolition order when they removed Waldon's personal property. And the factual allegations in the complaint concerning removal of the personal property do not allege any conduct that can colorably establish that the Appellees acted in a malicious or willful and wanted manner in their execution of the trial court's order.[2] For these reasons, the Torts Claims Act also immunizes the Appellees from liability for their removal of Waldon's personal property.

## II. Replevin

However, pursuant to Indiana Code section 32-35-2-1, Waldon also alleged that the Appellees continue to unlawfully possess her personal property, and requested that the court order the Appellees to return the property to her. See Appellant's App. p. 60. Indiana Code section 32-35-2-1 provides where personal property is "wrongfully taken or unlawfully detained from the owner or personal claiming possession of the property . . . the owner or claimant may bring an action for possession of the property." See also Dawson v. Fifth Third Bank, 965 N.E.2d 730, 735 (Ind. Ct. App. 2012) ("A replevin action is a speedy statutory remedy designed to allow one to recover possession of

---

[2] Most of Waldon's allegations center around the fact that Waldon and her family members arrived on the premises on the date the Appellees were executing the trial court's demolition order. Waldon demanded that the Appellees turn the personal property over to them. Consistent with the order, the Appellees refused their demands and removed the property from the premises. Waldon and her family were also informed that they would be taken to jail if they interfered with the removal of their personal property.

property wrongfully held or detained as well as any damages incidental to the detention.") (citing United Farm Family Mut. Ins. Co. v. Michalski, 814 N.E.2d 1060, 1066 (Ind. Ct. App. 2004)). To recover in an action for replevin, a plaintiff must prove his title or right to possession; that the property is unlawfully detained; and that the defendant wrongfully holds possession. United Farm Family, 814 N.E.2d at 1067; see also Deere & Co. v. New Holland Rochester, Inc., 935 N.E.2d 267, 269 (Ind. Ct. App. 2010).

Waldon's replevin claim is governed by a six-year statute of limitations. See Estate of Verdak v. Butler Univ., 856 N.E.2d 126, 133 (Ind. Ct. App. 2006) (citing Ind. Code § 34-11-2-7)). The Appellees removed Waldon's personal property as required by the trial court's demolition order on October 25-26, 2005. Waldon filed the complaint in this case on October 21, 2011. Therefore, the replevin claim is not barred by the statute of limitations.[3]

The replevin claim also survives application of the doctrine of res judicata. Res judicata serves to prevent repetitious litigation of disputes which are essentially the same. MicroVote General Corp. v. Ind. Election Comm'n, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). The doctrine consists of two distinct components, claim preclusion and issue preclusion.

> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the

---

[3] Waldon filed a timely tort claim notice on April 14, 2006, less than six months after her property was removed from her Gaston, Indiana real estate.

10

judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.

Dawson v. Estate of Ott, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003).

The only contested factor is whether Waldon's claims were or could have been determined in the prior action. "[I]t has long been the case that res judicata 'embraces not only what was actually determined, but every matter which the parties could have had litigated in the cause. The judgment in the former case is conclusive and bars a subsequent action if an opportunity was presented to litigate the entire subject matter in the first action.'" Finke v. N. Ind. Pub. Serv. Co., 899 N.E.2d 5, 10 (Ind. Ct. App. 2008) (citations omitted).

After failing to appear in the proceedings that resulted in the trial court's decision to issue the demolition order, Waldon filed a motion to set aside the demolition order and for return of the personal property on December 21, 2005. After that motion was denied, Waldon filed an appeal. Our court affirmed trial court's judgment, but concerning her request for return of the personal property, our court agreed with the Appellees that

[T]o the extent that Defendants are entitled to any relief regarding their personal property, that relief must come by way of a lawsuit against the individuals and entities involved with the execution of the order. Our task here was to review the validity of the order, which we have done. Determining whether Defendants' rights were violated in the execution of the order is the domain of Indiana's trial courts.

Waldon, No. 18A04-0604-CV-199, Slip op. at 6. Accordingly, Waldon's request for return of their property was not adjudicated in that litigation.

11

Next, Waldon filed a complaint against the Appellees in federal district court, and when the Appellees' motion to dismiss the complaint was granted, filed an appeal to the Seventh Circuit. The Seventh Circuit rejected Waldon's takings, procedural due process, and Fourth Amendment Claims concerning the seizure of their property. But Waldon's state law replevin claim was not adjudicated on its merits in the federal litigation, and is therefore not barred by the doctrine of res judicata.[4]

**Conclusion**

For all of these reasons, we conclude that the trial court properly dismissed Waldon's claims against the Appellees arising from the Appellees execution of the trial court's demolition order under the doctrine of quasi-judicial immunity and immunity arising from the Indiana Tort Claims Act. However, the trial court erred when it dismissed Waldon's replevin claim contained in the amended complaint. Although the Waldon may have great difficulty prevailing on that claim under the facts of this case, she should not be denied her day in court.

We affirm in part, reverse in part, and remand with instructions to the trial court to reinstate Waldon's replevin claim.

KIRSCH, J., and CRONE, J., concur.

---

[4] Waldon certainly could have raised the replevin claim in the federal complaint against the Appellees. See Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 350 (2006) (stating "federal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim") (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. We may reasonably assume that the federal district court and Seventh Circuit Court of Appeals would have declined to exercise supplemental jurisdiction over Waldon's replevin claim if it had been raised in the federal complaint. We therefore will not conclude that Waldon's replevin claim is barred by the doctrine of res judicata simply by virtue of the fact that it could have been raised in the federal litigation.